# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ERNEST T. TOMLINSON,

                    Plaintiff,

v.                                                      Case No. 19-CV-58-JPS

DOMINIC SCIORTINO, KICKHAVER,
SHERIFF JAMES JOHNSON, and                              **ORDER**
INMATE RATZEL,

                    Defendants.

## 1.    INTRODUCTION

Plaintiff Ernest T. Tomlinson, who is confined at the Ozaukee County Jail and who is representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that the defendants violated his civil rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, (Docket #2), and screens his complaint, (Docket #1). This case is currently assigned to U.S. Magistrate Judge William E. Duffin; however, because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was randomly referred to a district judge for the limited purpose of screening the complaint. The case will be returned to Magistrate Judge Duffin for further proceedings after entry of this order.

## 2.    MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. § 1915. That law allows a court to give an incarcerated plaintiff the ability to

proceed with his case without prepaying the civil case filing fee, if he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. § 1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow him to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.* On March 20, 2019, Magistrate Judge Duffin ordered the plaintiff to pay an initial partial filing fee of $2.46. He paid that fee on April 9, 2019. Therefore, the court will grant the plaintiff's motion for leave to proceed without prepayment of the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## 3. SCREENING THE PLAINTIFF'S COMPLAINT

### 3.1 Federal Screening Standard

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the

United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### 3.2    The Complaint's Allegations

The plaintiff alleges that he is a Dodge Correctional Institution inmate housed at the Ozaukee County Jail. On December 9, 2018, after a verbal dispute, defendant Inmate Ratzel ("Ratzel") charged the plaintiff and headbutted him. The plaintiff pushed him away but Ratzel grabbed the plaintiff and punched him on the side of his head. The plaintiff pushed him away again only to again find himself entangled until deputies arrived. A deputy escorted the plaintiff to a holding cell for about one hour and gave him ice and ibuprofen. The plaintiff requested medical attention but was told no one was on duty. He was sent to segregation for twenty-four hours pending a disciplinary hearing.

The next day, the plaintiff was released from segregation and escorted to a new tier. He again asked to see medical staff but was told to "put in a medical request whereupon he would be charged so Tomlinson spoke with another deputy who advised him to use the kiosk." (Docket #1 at 3–4.) The plaintiff was ignored for three days until a deputy told him he would be seen.

On December 13, 2018, defendant Nurse Sciortino ("Sciortino") saw the plaintiff and examined his head. The plaintiff told Sciortino about the pain he was having, his inability to focus or read a book without pain, and

migraines. He also told him that ice would not help since it had already been four days and the lump was not receding. The plaintiff asked Sciortino to see a doctor because he was previously diagnosed with a "class 2 concussion" and wanted to be on the "safe side." *Id.* at 4. Sciortino ignored the plaintiff's statement and gave him some ibuprofen. The plaintiff states that he now has a problem focusing and reading without pain.

On December 28, 2018, the plaintiff received his disciplinary hearing/disposition by a non-defendant, Sgt. Glass. After review of the video of the incident, the plaintiff was "exonerated of the charges of assaulting any person, fighting with or threatening another with bodily harm as well as violation of any Wisconsin state statute or Ozaukee Co. ordinance." *Id.*

The plaintiff seeks damages from Ratzel for injuring him. He also asserts a claim against Sciortino for failing to refer him to a doctor and for ignoring the severity of the injuries. The plaintiff seeks damages from defendant Deputy Kickhaver ("Kickhaver") for his untimely response to the altercation with Ratzel. Finally, the plaintiff also claims that defendant James Johnson ("Johnson"), Ozaukee County Sheriff, provided "inadequate training of his staff" and did not "provid[e] a safe environment for inmates by 'housing' state and county jail inmates together without any concern for their wellbeing." *Id.* at 5.

### 3.3 The Court's Analysis

The plaintiff may proceed on a claim that defendant Sciortino acted with deliberate indifference to his serious medical needs based on plaintiff's allegations that Sciortino provided inadequate medical care to his head injury. *See Petties v. Carter*, 836 F.3d 722, 728–29 (7th Cir. 2016).

However, the plaintiff may not proceed against the other defendants. First, the plaintiff may not proceed against Ratzel in this Section 1983 case because Ratzel is not a state actor. Under 42 U.S.C. § 1983, a plaintiff can sue only "state actors," which is another way of saying that state law must have given the person legal authority over the plaintiff. *See West v. Atkins*, 487 U.S. 42, 49 (1988); *Patel v. Heidelberger*, 6 F. App'x 436, 437 (7th Cir. 2001) (holding that a plaintiff "may not bring a § 1983 claim against a private citizen who is not acting under the color of state law"). As a fellow inmate, Ratzel had no legal authority over the plaintiff, so he was not a "state actor" and cannot be held liable under Section 1983.

Second, the plaintiff may not proceed against Kickhaver for his untimely response to the altercation. The plaintiff does not allege enough facts for the Court to determine the nature of this claim. For instance, the plaintiff does not allege that Kickhaver knew about the altercation with inmate Ratzel and, even if he did know, the plaintiff does not allege that Kickhaver responded or how long he took to respond.

Finally, the plaintiff may not proceed against Johnson because he does not allege that the county has a policy or custom of failing to train staff. *See Glisson v. Ind. Dep't of Corr.*, 849 F.3d 372, 380–81 (7th Cir. 2017). Also, the plaintiff's allegation that the sheriff failed to provide a safe environment does not state a claim because he does not allege how this relates to the incident giving rise to his claim.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that defendants Kickhaver, Sheriff James Johnson, and Inmate Ratzel be and the same are hereby **DISMISSED**;

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint and this order upon defendant Dominic Sciortino pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee;

**IT IS FURTHER ORDERED** that defendant Dominic Sciortino shall file a responsive pleading to the complaint;

**IT IS FURTHER ORDERED** that the agency having custody of the plaintiff shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with the plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the plaintiff is confined;

**IT IS FURTHER ORDERED** that this case is returned to Magistrate Judge William E. Duffin for further proceedings;

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions; and

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the defendants. The defendant will be served electronically through the court's electronic case filing system. The plaintiff should also retain a personal copy of each document filed with the court.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 25th day of April, 2019.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge