# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ERNEST T. TOMLINSON,

          Plaintiff,

v.

DOMINIC SCIORTINO,

          Defendant.

Case No. 19-CV-58-JPS

**ORDER**

**1.    INTRODUCTION**

On April 25, 2019, the Court screened Plaintiff's complaint and allowed him to proceed against Defendant on a claim under the Eighth Amendment for deliberate indifference to his serious medical needs. (Docket #13). On January 10, 2020, Defendant moved for summary judgment. (Docket #26). On February 28, 2020, Defendant's counsel filed a letter from Plaintiff regarding technical issues at his prison and filed Plaintiff's responsive materials with the Court per Plaintiff's request. (Docket #42). Defendant replied on February 28, 2020. (Docket #37). Plaintiff then re-filed his brief in opposition, as well as a sur-reply, on March 13, 2020. (Docket #50 and #51). Defendant filed a motion to strike Plaintiff's sur-reply on March 18, 2020. (Docket #52). Additionally, Plaintiff filed a motion to compel discovery, a motion for extension of time, and a motion to appoint counsel. (Docket #31, #40, and #41). For the reasons explained below, Defendant's motion for summary judgment must be granted. (Docket #26). Additionally, Defendant's motion to strike Plaintiff's sur-reply, (Docket #52), shall be granted and Plaintiff's motions, (Docket #31, #40, and #41), shall be denied as moot.

2.  **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Boss v. Castro,* 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

In assessing the parties' proposed facts, the Court must not weigh the evidence or determine witness credibility; the Seventh Circuit instructs that "we leave those tasks to factfinders." *Berry v. Chi. Transit Auth.*, 618 F.3d 688, 691 (7th Cir. 2010). Internal inconsistencies in a witness's testimony "'create an issue of credibility as to which part of the testimony should be given the greatest weight if credited at all.'" *Bank of Ill. v. Allied Signal Safety Restraint Sys.*, 75 F.3d 1162, 1170 (7th Cir. 1996) (quoting *Tippens v. Celotex Corp.*, 805 F.2d 949, 953 (11th Cir. 1986)). The non-movant "need not match the movant witness for witness, nor persuade the court that [its] case is convincing, [it] need only come forward with appropriate evidence demonstrating that there is a pending dispute of material fact." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 921 (7th Cir. 1994).

3.  **FACTUAL BACKGROUND**

Plaintiff was involved in a car accident in 2017 and sustained a concussion. Plaintiff also suffered from migraine headaches before being

incarcerated and regularly took 800 mg Ibuprofen for the pain. In July 2018, Plaintiff was incarcerated at Dodge Correctional Institution ("DCI"). While at DCI, Plaintiff was prescribed Topiramate for his migraine headaches. In November 2018, Plaintiff was transferred to Ozaukee County Jail ("OCJ"). Plaintiff underwent an initial medical screening at OCJ and his prescription for Topiramate was continued. Defendant is a Registered Nurse ("RN") at OCJ. Plaintiff was provided with the OCJ manual when he arrived. The OCJ manual requires inmates to fill out a written medical request form for all non-emergency requests for health care.

On December 9, 2018, Plaintiff was involved in a fight with another inmate at OCJ, which lasted five to ten minutes. The other inmate head-butted and punched Plaintiff twice. Once the inmates were separated, Plaintiff was taken to a holding cell. There was no nurse on site when Plaintiff was taken to the holding cell. While in the holding cell, a deputy looked at Plaintiff's head and saw that Plaintiff had a lump around a half-inch in diameter above his left ear. The deputy gave Plaintiff an ice pack and four packs of Ibuprofen (enough for a few days). Later, Plaintiff was placed in segregation for twenty-four hours per OCJ's policy after a fight.

On December 10, 2018, Plaintiff told a deputy that he wanted to be seen by a nurse. The deputy told Plaintiff that he needed to fill out a written request to be seen by a nurse. Plaintiff responded by stating that he should not have to put in a sick call request in order to be seen by a nurse because he had been involved in an altercation and, as a result, he should have been seen immediately.[1] The deputy told Plaintiff he would talk to his sergeant.

---

[1] While Plaintiff was in other correctional facilities, his experience was that when an inmate was injured, the inmate was automatically seen by the medical department.

Plaintiff continued to verbally ask to be seen by a nurse on December 11 and 12, 2018. Eventually, on December 12, 2018, Plaintiff used the electronic kiosk system and wrote that he should not have to submit a formal written request to be seen by a nurse because he had been involved in an altercation. A deputy agreed and told Plaintiff he would put Plaintiff on the list to see a nurse.

The next day, on December 13, 2018, Plaintiff was seen by Defendant, an RN at OCJ. Defendant took Plaintiff's vitals and asked if his head was hurting. Plaintiff complained that the lump on his head had not changed, that he could not lay on the left side of his head, and that he was having flashing pain behind his left eye. Defendant performed a physical examination of Plaintiff. During the exam, Defendant inspected Plaintiff's head and felt the half-inch lump, but felt no warmth and found no gross deformity. Plaintiff had no cuts or bruising, and the only swelling was the small lump. Additionally, Plaintiff did not have any restricted movement in his neck and did not appear to be in acute distress. Defendant checked Plaintiff's eyes and found that Plaintiff's pupils were equal, round, and reactive to light. Defendant, in his professional judgment as an RN, states that Plaintiff did not exhibit any signs of a concussion. At the end of the physical exam, Defendant offered Plaintiff an ice pack and Ibuprofen; Plaintiff refused the ice pack but took the Ibuprofen. Defendant told Plaintiff that if Plaintiff had further concerns, he should submit a written request to be seen by medical staff.

Based on the physical examination, Defendant, in his professional judgment, concluded that Plaintiff's injuries were minor and were appropriately treated with ice and Ibuprofen, and Plaintiff did not require further medical treatment. The lump on Plaintiff's head resolved at some

point in January 2019. Although Plaintiff disagrees with Defendant, and asserts that he did require further medical treatment, Plaintiff *never* submitted a written request for health care after December 13, 2018.

### 4. ANALYSIS

As noted above, Plaintiff was allowed to proceed on a claim of deliberate indifference to a serious medical need under the Eighth Amendment. To sustain this claim, Plaintiff must show: (1) an objectively serious medical condition; (2) that Defendant knew of the condition and was deliberately indifferent in treating it; and (3) this indifference caused him some injury. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). The deliberate indifference inquiry has two components. "The official must have subjective knowledge of the risk to the inmate's health, and the official also must disregard that risk." *Id.* Negligence cannot support a claim of deliberate indifference, nor is medical malpractice a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976); *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). Even if a defendant recognizes the substantial risk, he is free from liability if he "responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer v. Brennan*, 511 U.S. 825, 843 (1994). To show that a delay in providing treatment is actionable under the Eighth Amendment, Plaintiff must also provide evidence that the delay exacerbated his injury or unnecessarily prolonged pain. *Petties v. Carter*, 836 F.3d 722, 730–31 (7th Cir. 2016). An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A medical condition need not be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary

and wanton infliction of pain if not treated. *See Reed v. McBride*, 178 F.3d 849, 852 (7th Cir.1999).

### 4.1 Objectively Serious Medical Condition

First, the Court must address whether Plaintiff has shown he had an objectively serious medical condition. *Gayton*, 593 F.3d at 620. In this case, Plaintiff suffered an injury in a fight with another inmate, resulting in a half-inch lump on his head. Plaintiff had no other bruising, cuts, or visible injuries. Plaintiff was provided an ice pack and several packs of Ibuprofen to treat his pain. When Plaintiff asked to see a nurse, the deputy told him to make a written request, per OCJ policy. Plaintiff refused to follow the OCJ policy to obtain medical care for three days because he did not think he should have to submit a written request.

Analogously, in *Pinkston v. Madry*, the Seventh Circuit found that the plaintiff's similar injuries did "not rise to the level of an objectively serious medical need." *Pinkston v. Madry*, 440 F.3d 879, 891 (7th Cir. 2006). The plaintiff was an inmate who got into a fight which resulted in split lip and swollen cheek. *Id.* The court found that this type of injury is *not* one that rises to the level of an objectively serious medical need. *Id.* (citing *Davis v. Jones*, 936 F.2d 971, 972–73 (7th Cir. 1991) (one-inch laceration to temple and scraped elbow)). Additionally, the court noted that it was the plaintiff who was indifferent to his injuries, because he "failed to formally request medical attention until approximately four days after the altercation." *Id.* at 891.

Based on the undisputed facts, the Court finds that Plaintiff did not suffer an objectively serious medical condition when he had a half-inch lump on the side of his head after a fight. The Seventh Circuit and other courts have consistently held that injuries similar to Plaintiff's injury are not

objectively serious medical conditions.[2] Further, Plaintiff's decision to wait three days until he used the proper procedure to obtain health care undermines Plaintiff's claim that his injury was an objectively serious medical condition. Thus, Plaintiff fails on the first prong of his claim that Defendant was deliberately indifferent to a serious medical condition under the Eighth Amendment.

### 4.2 Deliberate Indifference

The Court will provide a short analysis into why Defendant was not deliberately indifferent to Plaintiff for the sake of completeness. However, it is not necessary, as the Court has found that Plaintiff failed the first prong because he cannot show he had an objectively serious medical condition. "Only if the objective prong is satisfied is it necessary to analyze the second, subjective prong, which focuses on whether a defendant's state of mind was sufficiently culpable." *Greeno v. Daley*, 414 F.3d 645, 652–53 (7th Cir. 2005).

When Plaintiff finally put in a written request, even one that stated he shouldn't have to do so, Defendant saw him the next day. During that visit, Defendant performed a physical examination, took Plaintiff's vitals, and offered him ice and Ibuprofen. It was Defendant's professional judgment as an RN that Plaintiff did not need further medical treatment

---

[2] *See e.g.*, *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996) (removal of toenail did not constitute a serious medical need); *Steinke v. Hintz*, No. 19-CV-1086-PP, 2020 WL 3846376, at *4 (E.D. Wis. July 8, 2020) (plaintiff bit his lip and tongue and his knee hurt); *Conwell v. Johnsen*, No. 12 C 10062, 2016 WL 6661169, at *15 (N.D. Ill. Nov. 9, 2016) (bloody nose, cuts, bruising and swelling from fight); *Baird v. Knopp*, No. 13–cv–979–GPM, 2013 WL 6038264, at *4 (S.D. Ill. Nov. 14, 2013) (bruises on arm and cut on wrist); *Carr v. Beth*, No. 11-CV-363, 2013 WL 121817, at *7 (E.D. Wis. Jan. 9, 2013) (scrapes and marks on wrists and forearms, and two small bumps on head from hitting the floor); *Willis v. Scrogum*, No. 04–1413, 2006 WL 2597889, at *6–7 (C.D. Ill. Sept. 8, 2006) (abrasions on forehead, cheeks, and lower lip after a fight).

after the physical exam. However, Defendant did tell Plaintiff to submit a written request if he had further concerns, or if Plaintiff wanted to see a doctor. Plaintiff disagrees with the treatment Defendant provided him and believes that he should have been referred to a doctor because of his history of migraines and a concussion the year before.

However, disagreeing with a medical professional's treatment does not amount to deliberate indifference. *Id.* at 653. In fact, even medical malpractice does not amount to deliberate indifference. *Estelle*, 429 U.S. at 105–06; *Roe*, 631 F.3d at 857. Even if a defendant recognizes the substantial risk, he is free from liability if he "responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 843. "By definition a treatment decision that's based on professional judgment cannot evince deliberate indifference because professional judgment implies a choice of what the defendant believed to be the best course of treatment." *Zaya v. Sood*, 836 F.3d 800, 805 (7th Cir. 2016).

In this case, Defendant saw Plaintiff within one day of the written request for medical care and conducted a physical examination and took Plaintiff's vitals. Defendant did not refuse to provide Plaintiff with care. Instead, Defendant provided the treatment he believed was required for the injury, and based on the examination Defendant did not believe any further treatment was necessary. Thus, the Court finds that Defendant did not act with deliberate indifference to Plaintiff.

5. **CONCLUSION**

Viewing the undisputed facts in the light most favorable to Plaintiff, the Court finds that it must grant Defendant's motion for summary judgment and dismiss this action with prejudice.

Accordingly,

**IT IS ORDERED** that Defendant's motion for summary judgment (Docket #26) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel discovery (Docket #31) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for extension of time (Docket #40) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Docket #41) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Defendant's motion to strike Plaintiff's sur-reply (Docket #52) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of August, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge